UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CLIFTON J. PAPPION** | : | **CIVIL ACTION NO. 2:19-cv-01098** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PHILLIPS 66 CO.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Compel Discovery [doc. 33] filed by plaintiff Clifton J. Pappion. Defendant opposes the motion. Doc. 38. The time for response has passed, and all court-ordered supplemental briefing has been filed. Docs. 40, 42.

For the reasons stated below, the Motion to Compel Discovery should be **DENIED**.

### I.
#### BACKGROUND

This dispute arises from defendant's responses and objections to three interrogatories served by plaintiff. The parties held a discovery conference, defendant objected to plaintiff's discovery requests as overly broad, and plaintiff "indicated that he would consider limiting the request if a company organization chart was provided within 10 days." Doc. 33, att. 2, p. 1. In a follow-up letter, plaintiff's counsel asserted that she would "narrow [the] discovery request to the particular section or division that employed Plaintiff" and reiterated her request for an organizational chart. Doc. 38, att. 3. Defense counsel informed plaintiff's counsel that they would "do [their] best to collect the information as soon as possible" but also stated that they could not promise the charts would be available by plaintiff's stated deadline. Doc. 38, p. 4; doc. 38, att. 4,

p. 2. The day after his production-of-charts deadline passed, plaintiff filed the instant motion. Doc. 33. Defense counsel produced the requested charts the very next day. Doc. 38, att. 5, p. 2.

In the motion currently before the court, plaintiff asks us to order defendant to "adequately respond to the Request for Production of Documents" and to pay the expenses plaintiff incurred by filing this motion. Doc. 33. After the time for response passed, the court sought clarification on the motion in two respects: First, in the motion at hand [doc. 33] and its memorandum in support [doc. 33, att. 2], it was unclear whether plaintiff wished us to compel response to his interrogatories or requests for production. Doc. 39, p. 1. Second, plaintiff's local rule 37.1 certification was deficient for failure to state why the parties were unable to agree, and it thus appeared that the parties had not meaningfully conferred in accordance with Federal Rule of Civil Procedure 37(a)(1) and this court's local rule 37.1 before filing this motion. *Id.* at pp. 1–2. We therefore ordered the parties to have a Rule 37 conference in good faith and to submit supplemental briefing if the issues in the motion were not resolved. Doc. 39. Both plaintiff and defendant timely filed supplemental briefing. Docs. 40, 42, respectively.

## II.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). The rule also empowers the Court to impose monetary sanctions for "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, before filing such a motion, the movant must, in good faith, confer

or attempt to confer with the person or party failing to make the disclosure or produce the discovery in an effort to obtain the information without court action. Fed. R. Civ. P. 37(a)(1).

When filing a motion to compel, the movant must include a certification affirming that it conferred with opposing counsel to amicably resolve the issues and *stating why the parties were unable to agree* or stating that opposing counsel refused to confer after reasonable notice. LR37.1. Through this certification, the movant "must convey to the court sufficient facts to enable it to determine the 'adequacy and sincerity of the good faith conferment between the parties.'" *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 398 (S.D. Tex. 2012) (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)).

Despite our order that "in plaintiff's supplemental briefing, plaintiff's counsel is to include a proper LR37.1 certification," plaintiff once again failed to include such certification. *See* doc. 40. Plaintiff provided the court with no explanation why the parties were unable to agree during the court-ordered Rule 37 conference.  He simply asserts, "Counsel for the parties conferred by telephone June 14, 2023 in another attempt to resolve the issues, to no avail." Doc. 40, p. 1.  But such "[c]ursory language is not enough" to satisfy the certification requirement. *Compass Bank*, 287 F.R.D. at 398.  Thus, plaintiff did not satisfy the certification requirement and violated this court's order to include a proper LR37.1 certification in his supplemental briefing. *See* doc. 39, p. 2.

Furthermore, the information provided by both plaintiff and defendant in their supplemental briefings indicates that plaintiff did not make a sufficient good faith effort to resolve the issue before seeking the court's intervention.  "The 'good faith' language encompasses, among other things, 'honesty in one's purpose to meaningfully discuss the discovery dispute . . . and faithfulness to one's obligation to secure information without court action.'" *Compass Bank*, 287

F.R.D. at 399 (citing *Shuffle Master*, 170 F.R.D. at 171). Good faith "cannot be shown merely through the perfunctory parroting of statutory language . . . to secure intervention; rather[,] it mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Id.* (brackets in original). The "conferment" requirement entails two-way communication, communication which is necessary to genuinely discuss any discovery issues and to avoid judicial recourse. *Id.* The parties are not to treat the informal negotiation process as simply a formal prerequisite to judicial review of the discovery dispute. *Id.* (citing *Limtiaco v. Auction Cars.Com, LLC*, No. 2:11–cv–00370, 2012 WL 5179708, at *2 (D. Nev. Oct. 17, 2012)).

In his supplemental briefing, plaintiff claims that he "agreed to consider restricting the discovery if Defendant provided an organizational chart for the company (at its Westlake location)" Doc. 40, p. 1 (parenthetical in original). However, in a letter to defense counsel, plaintiff's counsel states, "I will narrow my discovery request to the particular section or division that employed Plaintiff." Doc. 38, att. 3. Plaintiff now insists that he wants "a complete response" to the original discovery requests, not the narrowed requests agreed to in the letter [doc. 38, att. 3]. Doc. 40, p. 1. This backpedaling causes us to question plaintiff's good faith during the conferment.

Additionally, plaintiff asserts that defendant provided several versions of organizational charts, which were truncated and redacted and therefore "useless." *Id.* Plaintiff also alleges that all names on the charts except plaintiff's were redacted, and the charts only had data about plaintiff's work group. *Id.* at pp. 4–5. Defendant acknowledges that "other irrelevant names were redacted," but also states, "the charts identified Plaintiff's relevant work Area/Department (Area B-FCC), the name of Plaintiff's supervisor, and the name of the Area Manager during various points in time." Doc. 42, p. 8. In response to the assertion by plaintiff's counsel that "[r]edacted charts are useless" [doc. 38, att. 5, p. 2], defense counsel explained to plaintiff's counsel that they

did not redact the information they thought plaintiff's counsel wanted from the charts to help her narrow the discovery requests. *Id.* Instead of explaining her position on the matter, plaintiff's counsel chose not to respond. Doc. 42, p. 8.

Defendant asserted that plaintiff "has not met his obligation to sufficiently meet and confer, in good faith, prior to filing a discovery motion." Doc. 38, p. 5. We agree. The information provided by the parties shows that plaintiff's counsel did not attempt to *meaningfully* discuss the discovery dispute with defense counsel. Instead, she gave vague information about what defense counsel could do to resolve this issue, and she did not engage in genuine, two-way communication with defense counsel in an attempt to avoid judicial recourse. Because he did not give defendant a chance to truly resolve the discovery dispute, plaintiff did not satisfy the good faith conferment requirement and got the court involved prematurely. Thus, plaintiff's Motion to Compel—and his request for expenses—must be denied.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel Discovery, and the accompanying request for expenses incurred in filing the motion, [doc. 33] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 23rd day of August, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE