UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CLIFTON J. PAPPION** | **CASE NO. 2:19-CV-01098** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PHILLIPS 66 COMPANY** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the Court is a "Motion for Appeal to District Judge" (Doc. 58) wherein, the Plaintiff, Clifton J. Pappion ("Pappion"), appeals the October 31, 2023, ruling of the Magistrate Judge. In the ruling, Magistrate Judge Kay granted a "Motion to Strike" filed by the Defendant, Phillips 66 Company ("Phillips"), of Plaintiff's "Second Motion to Compel Discovery." Doc. 57. Plaintiff appeals this ruling and also seeks reconsideration of his original Motion to Compel, which was denied by Magistrate Judge Kay on August 23, 2023. Doc. 58. Defendant opposes the appeal, arguing that any attempt by Plaintiff to object to the order denying the original Motion to Compel is untimely and without merit, and that the October 31, 2023, order granting its Motion to Strike should be affirmed. Doc. 60. Plaintiff also filed a reply brief. Doc. 61.

Any party may appeal a magistrate judge's order on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1. Objections to the order must be served and filed within fourteen days. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.*  When an appeal is submitted, the district court must consider the timely objections raised therein and "modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.*; *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

Under this deferential standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Lebron v. ENSCO Offshore Co.*, 2013 WL 3967165, at *2 (W.D. La. July 31, 2013) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  In the context of discovery matters, it is well settled that "[t]he district court has broad discretion … and its rulings will be reversed only on an abuse of discretion*." Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989).

The Court notes that Magistrate Judge Kay's August 23, 2023, order denying Plaintiff's initial Motion to Compel found that the Plaintiff had failed to meet his obligation to sufficiently meet and confer in good faith prior to filing a discovery motion, noting that Plaintiff's counsel "did not engage in genuine, two-way communication with defense counsel in an attempt to avoid judicial recourse" as required by Federal Rule of Civil Procedure 37(a)(1).  Doc. 49 at 5.  Plaintiff did not file a timely objection to the ruling.  Magistrate Judge Kay's October 31, 2023, order states that Plaintiff did not refute Defendant's contention that he had failed to comply with Federal Rule of Civil Procedure 37 prior to filing a Second Motion to Compel.  Doc. 57.

The Plaintiff's appeal of the October 31, 2023, order attempts to rehash matters ruled on by Magistrate Judge Kay in her August 23, 2023, order denying the initial Motion to Compel.  As such, these arguments are untimely.  After a thorough review of the record, the undersigned does not have a definite and firm conviction that a mistake was committed by Magistrate Judge Kay or that the October 31, 2023, order is clearly erroneous or contrary to law. Rather, the record demonstrates that Plaintiff's counsel did not endeavor to genuinely participate in a discovery conference with defense counsel prior to filing a Second Motion to Compel.

Accordingly, **IT IS ORDERED** that Plaintiff's "Motion for Appeal to District Judge" (Doc. 58) is **DENIED**, and the Magistrate Judge's October 31, 2023, order (Doc. 57) is hereby **AFFIRMED**.

**THUS DONE AND SIGNED** in Chambers this 29th day of January, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**