UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CLIFTON J. PAPPION**              :        **DOCKET NO. 2:19-cv-01098**

**VERSUS**                          :        **JUDGE JAMES D. CAIN, JR.**

**PHILLIPS 66 CO.**                 :        **MAGISTRATE JUDGE LEBLANC**

<u>**MEMORANDUM ORDER**</u>

Before the court is a Motion to Compel Discovery filed by defendant Phillips 66 Company ("Phillips 66"). Doc. 70. The motion is opposed by plaintiff Clifton J. Pappion. Doc. 74. Defendant has replied [doc. 75], making this motion ripe for resolution.[1] For reasons set forth below, the court finds that the motion should be **GRANTED IN PART AND DENIED IN PART**.

I.
BACKGROUND

This dispute arises from an employment discrimination claim brought by plaintiff Clifton J. Pappion against defendant Phillips 66. Doc. 1. On July 14, 2020, Phillips 66 propounded written discovery upon Plaintiff in the form of interrogatories and requests for production (the "first set of discovery"). Doc. 70, att. 17, pp. 5-6. On August 24, 2020, Plaintiff untimely provided minimal responses to the discovery requests accompanied by broad, boilerplate objections. *Id.* at p. 6. These responses also provided only five of the eight requested records authorizations. *Id.* Phillips 66 sent Plaintiff's counsel a letter describing the deficiencies, and the parties subsequently held a telephone conference to discuss these issues. *Id.* at pp. 7-8. After Plaintiff failed to supplement

---

[1] The motion was set for hearing on November 21, 2024. Plaintiff did not appear for the hearing, and so this matter has been resolved on the briefing.

- 1 -

the answers following the telephone conference, Phillips 66 sent another email to Plaintiff's counsel requesting the missing authorizations. *Id.* at pp. 8-9.

On May 16, 2024, Phillips 66 propounded another set of requests for production and one interrogatory (the "second set of discovery") to Plaintiff. *Id.* at p. 9. Soon thereafter, Phillips 66 sent another letter requesting that Plaintiff supplement his responses to the first set of discovery. *Id.* On June 14, 2024, Plaintiff provided supplemental responses to the first set of discovery but failed to address any requests from the second set of discovery. *Id.* at att. 9. Phillips 66 believed the June 14, 2024, supplemental responses were still deficient. *Id.* at p. 10. On September 5, 2024, both parties participated in a scheduling conference with the Court. *Id.* at p. 10. The discovery issues were discussed during this conference, and the Court suggested that a formal motion be filed to resolve these issues. *Id.* Following the conference, the parties met over the phone twice to discuss the discovery issues. *Id.* at pp. 10-12.

On October 5, 2024, Plaintiff's counsel sent Phillips 66 another set of supplemental responses to the first set of discovery. *Id.* at p. 12. These supplemental responses also included untimely objections to the second set of requests for production but failed to acknowledge the second set of interrogatories. *Id.* at p. 9; att. 12. On October 8, 2024, Phillips 66 contacted Plaintiff's counsel to afford a final opportunity to fix certain responses that Phillips 66 believed were inaccurate. *Id.* at p. 13. Phillips 66 subsequently filed the instant Motion to Compel. Doc. 70.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling

disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)) (brackets in original). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Further, pursuant to Federal Rules of Civil Procedure 33 and 34, objections to an interrogatory or request for production must be made within thirty days after service of the requests. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989). The Court, however, "retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made." *Amir Athletic, LLC v. State Farm Fire & Cas. Co.*, No. CIV. A. 11-2082, 2012 WL 520658 at *2 (E.D. La. Feb. 16, 2012); *see also RE/MAX International, Inc. v. Trendsetter Realty, LLC*, No. CIV.A. H-07-2426, 2008 WL 2036816, at *6 (S.D. Tex. May 9, 2008). Moreover, courts have found that "the failure to timely object on the basis of privilege does not result in an automatic waiver." *Williams v. Jeld-Wen, Inc.*, No. 1:17-CV-01366, 2022 WL 509373 at *9 (W.D. La. Feb. 18, 2022) (citing *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011)). "Rather, a waiver of privilege is a serious sanction

reserved for cases of unjustified delay, inexcusable conduct, bad faith, or other flagrant violations." *B&S Equip. Co.*, 2011 WL 2637289 at *5.

Objections to written discovery, including those of privilege, must, however, also be stated with specificity, including reasons for the objection. Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B). Further, such objections must "state whether any responsive materials are being withheld." Fed. R. Civ. P. 34(b)(2)(C). Finally, Federal Rule of Civil Procedure 26(b)(5)(A) requires parties withholding discoverable information based on a claim of privilege to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Therefore, boilerplate and "conclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient[.]" *Scott v. United States Postal Serv.*, No. CV 15-712-BAJEWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016) (citations omitted); *see also Romero v. United States*, No. 6:23-CV-00032, 2024 WL 436892 at *2 (W.D. La. Feb. 2, 2024) ("Boilerplate objections are unacceptable."); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (holding that the only thing a boilerplate objection accomplishes is waiver of the objection). Thus, as with untimely objections, insufficient objections are also waived. *In re U.S.*, 864 F.2d at 1156.

The Court will now address each of the alleged deficiencies in turn:[2]

### A. Interrogatory No. 13

> Identify by name, address and specialty all hospitals, clinics, pharmacies, physicians, nurses, psychiatrists, psychologists, therapists, social workers, counselors, or other health care providers of any kind who have seen you, counseled you, or treated you since January 1, 2008 to the present, stating the reason you were seen or treated by the provider and the dates of such consultation or treatment.

---

[2] Phillips 66 numbered its discovery requests in the first and second sets of discovery consecutively, so there is no need to refer to these items other than by number.

Doc. 70, att. 1, p. 8.

Plaintiff responded by directing Phillips 66 to the response to Interrogatory No. 9 and the objection to Interrogatory No. 11. *Id.* at att. 2, p. 4. Plaintiff's response to Interrogatory No. 9 lists three health care providers that Plaintiff has seen for alleged injuries arising out of this case. *Id.* at pp. 3-4. The objection to Interrogatory No. 11 reads: "Plaintiff objects to this Interrogatory as overly broad and irrelevant to these proceedings. Pappion has been employed with *Phillips 66* for 26 years; further, this information is in the record of Defendant." *Id.* at p. 4. After discussion during a conference on May 29, 2024, Phillips 66 agreed to limit this request to the period of January 1, 2010, to the present. *Id.* at att. 17, p. 15.

First, this interrogatory was propounded on July 14, 2020, but was not responded to until August 24, 2020. As the objection is untimely, it is therefore waived. Further, because the objection is not stated with specificity, it is considered a boilerplate objection which is also waived. Finally, as Plaintiff has put his mental health at issue by claiming mental anguish damages, Plaintiff's medical history is relevant to this action and discovery of his medical records is permitted. Accordingly, Phillips 66's Motion to Compel response to Interrogatory No. 13 is **GRANTED**. Plaintiff has **14 days** from the date of this order to furnish a full response to Interrogatory No. 13 including information for the period of January 1, 2010 to the present.

### B. Interrogatory No. 15

> For each item of your alleged loss of wages, loss of benefits, and other losses or damages purportedly resulting from the conduct alleged in this lawsuit, please identify the amount you allege has been sustained and/or the amount you claim is due. If the amount claimed for lost earnings includes anything other than salary, please state each item you include in your lost earnings claim and the amount you claim for each item.

Doc. 70, att. 1, p. 8.

Plaintiff originally responded that this information is not yet compiled. *Id.* at att. 2, p. 5. In a supplemental response, Plaintiff stated that he seeks reduced wages for failure to promote since 2019 until his resignation in 2021, mental anguish for the same period, damages for reduction in wages and benefits for demotion, exemplary damages, attorney fees, and costs. *Id.* at att. 12, p. 3.

As Interrogatory No. 15 asks for the specific amount of damages Plaintiff claims to have sustained for each category of damages claimed and Plaintiff's response did not include a specific amount sought for each item, the supplemental response was not a full answer to the interrogatory. Accordingly, Phillips 66's Motion to Compel response to Interrogatory No. 15 is **GRANTED**. Plaintiff's response must provide items of special damages claimed, the amount of damage Plaintiff alleges he sustained, and/or the amount he claims is due.

Further, Phillips 66 questions the accuracy of the given response as Plaintiff's original complaint alleges this action is based on a 2018 event, rather than a 2019 event, and because Plaintiff resigned from Phillips 66 in 2022, rather than 2021 as stated in the response. *Id.* at att. 17, p. 12. Accordingly, Plaintiff is also ordered to confirm the accuracy of the October 2024 supplemental answer to Interrogatory No. 15 to the extent it needs to be corrected or amended and address the seeming inconsistency noted by Phillips 66. Plaintiff has **14 days** from the date of this order to furnish a full response to Interrogatory No. 15.

### C. Interrogatory No. 17

> Please state whether you ever have applied or made a claim for Social Security benefits or any other disability benefit (other than the short term disability benefits available during your Phillips 66 employment). If so, please identify the date of your application, the identity of each agency or other entity to whom the application was made, and the result of any such application.

Doc. 70, att. 1., p. 9.

Plaintiff originally responded, "[n]ot sure. Pappion was in auto accident in 2008." *Id.* at att. 2., p. 5.  In a supplemental response, Plaintiff added that he did not receive Social Security benefits of any kind during his employment with Phillips 66 but has started to receive them since retirement. *Id.* at att. 12, p. 3.  Plaintiff, however, objects that this information is irrelevant and not reasonably calculated to lead to admissible evidence. *Id.*

As the supplemental response states that Plaintiff has received Social Security benefits since retirement but fails to state the date of his application or any other requested details, the provided response does not answer the question asked.  Moreover, Plaintiff's objections are waived as untimely and boilerplate.  Accordingly, Phillips 66's Motion to Compel response to Interrogatory No. 17 is **GRANTED**.  Plaintiff is ordered to provide a full response to Interrogatory No. 17 within **14 days** from the date of this order.

### D. *Interrogatory No. 18*

> If you have been granted Social Security benefits or any other disability benefit (other than the short term disability benefits available during your Phillips 66 employment) since 2018, please provide the amount of the monthly disability payments you receive, how long you have been receiving such benefits, and the identity of the doctor you saw and/or who evaluated you for purpose of applying for such disability benefits.

Doc. 70, att. 8, p. 5.

Plaintiff did not provide a response or objection to Interrogatory No. 18.  Accordingly, Phillips 66's Motion to Compel response to Interrogatory No. 18 is **GRANTED,** and Plaintiff is ordered to provide a full response to Interrogatory No. 18 within **14 days** from the date of this order.

### E. *Request for Production No. 27*

> Please produce the content of all social media accounts held by you (including but not limited to Twitter, Facebook, LinkedIn, Google+, Tumblr, Snapchat, Myspace, Pinterest, Whatsapp, YouTube, Quora, Flikr,

> Reddit, or Instagram) from January 1, 2017 to the present which content includes, but is not limited to, any posting, messages, status update, wall comment, causes joined, groups joined, activity stream, and/or blog entries. This request includes but is not limited to content that reveals, refers, or relates to any emotion, feelings, or mental states, as well as communications that reveal, refer, or relates to events that could reasonably be expected to produce significant emotion, feeling, or mental state. For each Facebook account maintained by you, you may download and print your Facebook data by logging onto your Facebook account, clicking the downward arrow in the top right corner, clicking "Settings," clicking into the "Your Facebook Information" tab, clicking "Download Your Information." When downloading, add all categories of data available and do not limit by date range. Click "Create File" to confirm your download requests, and follow the remaining directions for the same.

Doc. 70, att. 1, p. 17.

Plaintiff originally responded with "N/A" [*id.* at att. 2, p. 9] but supplemented the answer stating that Plaintiff has a Facebook account limited to his family [*id.* at att. 9, p. 3; att. 12, p. 6]. Plaintiff, however, objects to the request because it is irrelevant, vague, overbroad, oppressive, unduly burdensome, and not reasonably calculated to lead to admissible evidence. *Id.* After discussion with Plaintiff's counsel, Phillips 66 subsequently limited this request to social media content:

> (1) related to Plaintiff's employment at Phillips 66; (2) which Plaintiff intends to use in support of his claims; (3) that reveals, refers, or relates to Plaintiff's emotional or mental state since 2008; (4) communications, posts, or other content that reveals, refers, or relates to events that could reasonably be expected to produce significant emotion, feeling, or mental state; (5) including specific references to the emotional distress Plaintiff claims he suffered; (6) including specific references to any mental health treatment Plaintiff has received since 2008; and (7) including references to alternative potential stressors in Plaintiff's life.

Doc. 70, att. 17, p. 18.

As Plaintiff's objection was not made in the original response, it is waived as untimely. However, as the Court has a duty under Federal Rule of Civil Procedure 26(b)(2)(C) to determine

the relevancy and proportionality of the requests, Phillips 66's Motion to Compel Request for Production No. 27 is **GRANTED IN PART AND DENIED IN PART**.

While social media posts are discoverable if they are relevant and proportional to the needs of the case, "a defendant is not granted 'unfettered access to a plaintiff's social networking sites that he or she has limited from public view' simply because the plaintiff has put his or her mental and physical conditions at issue." *O'Malley v. Pub. Belt R.R. Comm'n for City of New Orleans*, No. CV 17-4812, 2018 WL 11351528 at *3 (E.D. La. May 1, 2018). Accordingly, Phillips 66's Motion to Compel Request for Production No. 27 is **GRANTED** only to the extent that it requests social media content (1) related to Plaintiff's employment at Phillips 66; (2) which Plaintiff intends to use in support of his claims; (3) including specific references to the emotional distress Plaintiff claims he suffered; (4) including specific references to any mental health treatment Plaintiff has received. Plaintiff must provide documents in accordance with this revised list only for the period of January 1, 2010, until the present. These documents must be produced within **14 days** from the date of this order. Phillips 66's Motion to Compel all other documents sought in Request for Production No. 27,[3] including any information sought before 2010, is **DENIED** as overbroad.

### F. Request for Production No. 28

> To the extent not produced in response to the foregoing, please produce a copy of all photographs and/or videos depicting you which were posted on your profile and/or account in any internet social networking site during the period January 1, 2017 through the present.

Doc. 70, att. 1, p. 18.

---

[3] Namely, social media content "(3) that reveals, refers, or relates to Plaintiff's emotional or mental state since 2008; (4) communications, posts, or other content that reveals, refers, or relates to events that could reasonably be expected to produce significant emotion, feeling, or mental state;" and "(7) including references to alternative potential stressors in Plaintiff's life." Doc. 70, att. 17, p. 18.

Plaintiff originally responded with "N/A" [*id.* at att. 2, p. 9] but supplemented the answer with the same objections listed in its response to Request for Production No. 27: irrelevant, vague, overbroad, oppressive, unduly burdensome, and not reasonably calculated to lead to admissible evidence [*id.* at att. 9, p. 3; att. 12, p. 6]. After discussion with Plaintiff's counsel, Phillips 66 limited the request to materials relevant to the limited request in Request for Production No. 27.[4] *Id.* at att. 17, p. 18.

Similar to the ruling on Request for Production No. 27, Phillips 66's Motion to Compel Request for Production No. 28 will only be **GRANTED** to the extent that the documents produced pertain to the topics compelled in Request for Production No. 27.[5] These documents must be produced within **14 days** from the date of this order. Accordingly, Phillips 66's Motion to Compel all other documents sought that do not pertain to the compelled information of Request for Production No. 27, including any information sought before 2010, is **DENIED** as overbroad.

### G. Requests for Production No. 32, 35, 37, & 42

REQUEST FOR PRODUCTION NO. 32:
Please complete, sign, and return an original of the attached request for copy of tax returns form, request for transcript of tax returns, and tax information authorization for the years 2015-present.

REQUEST FOR PRODUCTION NO. 35:
If you have ever served in the military, please complete, sign, and return an original of the attached Request Pertaining to Military Records form.

---

[4] Social media content: "(1) related to Plaintiff's employment at Phillips 66; (2) which Plaintiff intends to use in support of his claims; (3) that reveals, refers, or relates to Plaintiff's emotional or mental state since 2008; (4) communications, posts, or other content that reveals, refers, or relates to events that could reasonably be expected to produce significant emotion, feeling, or mental state; (5) including specific references to the emotional distress Plaintiff claims he suffered; (6) including specific references to any mental health treatment Plaintiff has received since 2008; and (7) including references to alternative potential stressors in Plaintiff's life."

[5] "[S]ocial media content (1) related to Plaintiff's employment at Phillips 66; (2) which Plaintiff intends to use in support of his claims; (3) including specific references to the emotional distress Plaintiff claims he suffered; (4) including specific references to any mental health treatment Plaintiff has received. Plaintiff must provide documents in accordance with this revised list only for the period of January 1, 2010, until the present."

>REQUEST FOR PRODUCTION NO. 37:
>Please complete, sign, and return an original of the attached Request for Social Security Earnings Information form.
>
>REQUEST FOR PRODUCTION NO. 42:
>Please complete, sign, and return the attached Authorization and Consent to Release form for Social Security Administration and Centers for Medicare and Medicaid Services.

Doc. 70, att. 1, pp. 18-20.

Plaintiff originally responded to each of these Requests for Production stating, "[a]uthorization enclosed." *Id.* at att. 2, pp. 10-11. Plaintiff supplemented the response by objecting to the requests as irrelevant, overly broad, and not reasonably calculated to lead to admissible evidence. *Id.* at att. 12, pp. 7-8. Although Plaintiff's original responses state the authorizations were enclosed, Phillips 66 never received completed copies of such authorizations. *Id.* at att. 17, p. 20. As Plaintiff did not object to the requests in its original answer, the objections raised in its supplemental answer are untimely, and therefore waived. Accordingly, Phillips 66's Motion to Compel Requests for Production Nos. 32, 35, 37, & 42 is **GRANTED**. Phillips 66 is ordered to provide Plaintiff through counsel with the requested authorization forms within **7 days** from the date of this order, and Plaintiff is ordered to produce the completed, signed authorization forms within **7 days** following Plaintiff's counsel's receipt from Phillips 66 of the requested authorization forms.

### H. *Requests for Production No. 38, 39, 40, & 41*

>REQUEST FOR PRODUCTION NO. 38:
>Please produce copies of any and all correspondence with Medicare, including the interim payment statements, conditional payment summary, Medicare final demand, and final lien negotiated amount, for any payments made related to this lawsuit, if any.
>
>REQUEST FOR PRODUCTION NO. 39:
>Please produce copies of any and all medical expenses or bills that have been paid by Medicare related to this lawsuit, if any.

Case 2:19-cv-01098-JDC-TPL   Document 84   Filed 06/20/25   Page 12 of 13 PageID #: 556

> REQUEST FOR PRODUCTION NO. 40:
> Please produce a copy of the front and the back of your Medicare card, if any.
>
> REQUEST FOR PRODUCTION NO. 41:
> Please complete, sign, and return the Medicare Mandatory Reporting Information form attached.

Doc. 70, att. 1, pp. 19-20.

Plaintiff responded to each of these requests with "N/A." *Id.* at att. 2, pp. 10-11. There were no supplemental responses provided for these requests and no objections made. Accordingly, Phillips 66's Motion to Compel Requests for Production Nos. 38, 39, 40, and 41 is **GRANTED**. Plaintiff is ordered to produce the requested materials within **14 days** from the date of this order. If these documents do not exist, responses must expressly so state.

### I. *Requests for Production No. 44 & 46*

> REQUEST FOR PRODUCTION NO. 44:
> Any and all applications for or other documents or files related to Social Security Disability, Short Term Disability, or Long Term Disability benefits you sought or received since 2018.
>
> REQUEST FOR PRODUCTION NO. 46:
> Any and all applications for or other documents or files related to Social Security, Medicare, or Medicaid benefits you sought or received since 2018.

Doc. 70, att. 8, pp. 8-9.

These requests were sent to Plaintiff on May 16, 2024. *Id.* at p. 9. Plaintiff, however, did not respond to these requests until October 5, 2024. *Id.* at att. 12, p. 8. In these responses, Plaintiff objects to the requests as overly broad, irrelevant, and not reasonably calculated to lead to admissible evidence. *Id.* The response also alleges that "[p]laintiff did not receive Social Security disability payments during his employment with *Phillips 66*. His resignation was not on federal disability." *Id.*

- 12 -

The provided response does not answer the question asked. Moreover, the objections are boilerplate and untimely and therefore waived. Accordingly, Phillips 66's Motion to Compel Requests for Production Nos. 44 and 46 is **GRANTED**. Plaintiff is ordered to produce the requested materials within **14 days** from the date of this order. If these documents do not exist, Plaintiff's response must expressly so state.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Discovery [doc. 70] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is **THUS ORDERED** to provide full and complete responses to the discovery requests from PHILLIPS 66 COMPANY in accordance with this order. Responses must be provided within **14** days from the date of this Memorandum Order without objection, except for any properly asserted claim of privilege; save and except that responses to Requests for Production Nos. 32, 35, 37, and 42 must be made as specifically set forth in Section G of this Memorandum Order.

**THUS DONE AND SIGNED** in chambers this 20th day of June, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**