**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **CLIFTON J PAPPION** | **CASE NO. 2:19-CV-01098** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PHILLIPS 66 CO** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

On December 16, 2025, this Court granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's claims with prejudice.[1] Thereafter, Defendant filed a Bill of Costs,[2] Plaintiff filed a response,[3] and the Clerk issued its Clerk's Taxation of Costs.[4] In the meantime, Plaintiff, through counsel appealed[5] the Court's Ruling and Judgment. Despite the appeal, Plaintiff filed a Motion to Review Costs.[6] The Court has held in abeyance a ruling on the costs pending a decision from the Fifth Circuit. On September 21, 2026, the Fifth Circuit affirmed the Court's Ruling and Judgment. As such, the taxation of costs and Plaintiff's Motion to Review Costs is ripe for review.

In its Bill of Costs, Defendant is requesting $7,267.99 for service of summons and subpoena, fees for printed or electronically recorded transcripts, and fees for costs of making copies. Plaintiff objects to items not designated by 28 U.S.C. § 1920, specifically,

[1] See Memorandum Ruling and Judgment, Docs. 143 and 144.
[2] Doc. 146.
[3] Doc. 147.
[4] Doc. 148.
[5] Doc. 145.
[6] Doc. 149.

Plaintiff's deposition, requests for tax and social security records, medical records, process servers for witnesses, and subpoenas for witnesses that were not introduced into evidence.

As noted by the Clerk, costs are allowed to the "prevailing party" in accordance with Federal Rule of Civil Procedure 54(d). Section 1920 of Title 28, allows the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Clerk taxed the following costs against Plaintiff:

| | |
|---|---|
| Plaintiff, Clifton J. Pappion's Deposition | $2,864.25 |
| 30(b)(6) Deposition of Andrew Sona | 322.00 |
| Fees for Service of Summons and Subpoena | 715.00 |
| Costs of making copies of | 3,366.74 |
| Total Costs | **$7,267.99** |

Plaintiff objects to the Clerk's taxation of costs. Plaintiff argues that these items were not used to determine the merits of the case and copy costs are limited to documents placed into evidence. Plaintiff also complains that Defendant relied on an excerpt from Plaintiff's deposition that was attached to Defendant's motion for summary judgment.

Defendant notes that Plaintiff does not challenge the specific amounts taxed or the categories awarded, but requests that all costs be denied. Courts routinely deny motions to reduce, adjust, or vacate costs awards where the movant fails to demonstrate abuse of discretion. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *opinion reinstated in part on reh'g,* 61 F.3d 1113 (5th Cir. 1995) ("Only when a clear abuse of discretion is shown can an award of costs be overturned.").

Defendant remarks that Plaintiff objects to Defendant's costs to serve subpoenas to acquire Plaintiff's medical records, which were relevant to Plaintiff's claims and alleged damages. Plaintiff's objection is that Defendant was seeking costs for serving Plaintiff or his attorney. As noted by Defendant, the records and information sought were used in Plaintiff's deposition, which as admitted by Plaintiff, was used in and attached to Phillips 66's successful motion for summary judgment.[7]

As to Plaintiff's complaint that an excerpt of his deposition was used, Defendant argues that a prevailing party is entitled to recover costs of deposition transcripts and copies if necessarily obtained for use in or preparation for trial. *Coats,* 5 F.3d 877, 891 (5th Cir. 1993); *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991)). Depositions need not be introduced into evidence to

[7] See Docs. 122, 123, and 127.

meet this requirement. *Id.* As such, the Court finds that Plaintiff's deposition was relevant and necessary for Defendant's defense in this matter. Additionally, copies of the corporate deposition taken by Plaintiff was also necessary and relevant in preparing for Plaintiff's deposition and responding to Plaintiff's motion for summary judgment.

Defendant also maintains that its request for Defendant's military and social security records was reasonable and necessary to defend against Plaintiff's claim for damages. Defendant informs the Court that many of the difficulties it experienced in obtaining these records was due to Plaintiff's failure to respond to discovery requests.[8]

Next, Plaintiff objects to Defendant's copying costs to the extent they were not introduced into evidence. Defendant explains that it obtained records from the Internal Revenue Service, Plaintiff's health care providers, and the Social Security Administration. These records were necessary for use in Plaintiff's deposition, trial preparation, and/or otherwise in the defense against Plaintiff's claim for damages. The Fifth Circuit has held that copying costs are recoverable where the documents were "necessarily obtained for use in the case." *Coats*, 5 F.3.d at 892.

The Court finds that Plaintiff has failed to demonstrate any error or abuse of discretion in connection with the Clerk's Taxation and costs award. Accordingly,

[8] Docs. 70, 84, 90, 103.

**IT IS ORDERED** that the Plaintiff's Motion to Review Costs (Doc. 149) is **DENIED.** A Judgment in favor of Defendant for an award of costs for the total amount of $7,267.99 will be issued separately.

**THUS DONE AND SIGNED** in chambers on this 5th day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**